## O. S. SCHLARMAN v. B. F. KELLEY.

### January Term, 1902.

Present: TAFT, C. J., TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed March 8, 1902.

### Bail—Deposit—Express agreement.

An agreement given in receipt of money deposited to indemnify one for becoming bail for another, which stipulates that "if the defendant is present at the time of trial" the deposit is to be returned, is not a general one to save the bail harmless, and if the defendant appears at the trial, the bail must return the deposit.

ASSUMPSIT. Plea, the general issue. Trial by court at the September Term, 1901, Franklin County, *Rowell,* J., presiding. Judgment for the defendant. The plaintiff excepted.

*Farrington & Post* for the plaintiff.

The plain language of the receipt required the defendant to return the money deposited with him if Fingold was present at time of trial. Fingold was present. It was Schlarman's money all the time, and when Fingold appeared Schlarman became entitled to it. *McAlman* v. *Beoington,* 53 L. R. A. 597; *McFarland* v. *Wilbur,* 35 Vt. 342.

*C. G. Austin* for the defendant.

Kelley was compelled to pay more than Schlarman put into his hands. Schlarman agreed to pay him the balance. In order to correctly interpret the receipt, it is necessary to look into the circumstances under which it was given. The deposit was intended to be full indemnity to Kelley for becoming bail for Fingold. The words "present at the time of trial" are equivalent to "appears at court." Fingold should have been surrendered to the officers of the court. *Converse & Son* v. *Washburn,* 43 Vt. 132; *Darling* v. *Cutting,* 57 Vt. 218.

STAFFORD, J. Fingold owes Shattuck, and Shattuck sues him before a justice, and has him arrested on the ground that he is about to leave the state. So Schlarman, a friend of Fingold's, puts $26.00 into Kelley's hands, and Kelley goes bail for Fingold, giving Schlarman this writing: "Received from O. S. Schlarman twenty-six dollars to secure me for going bail for S. Fingold, and, if the defendant is present at the time of trial then said money is to be returned by me to O. S. Schlarman." Schlarman also tells Kelley that if the $26.00 is not enough to pay what Kelley is obliged to pay, he will make up the difference. When the trial day comes, Fingold appears, but makes no defence, and Shattuck has judgment. Then a hearing is had on the question, whether Fingold is about to

leave the state, and the justice decides that he is. A few days later execution is taken out and put in the hands of an officer, and after a while it is returned *non est.* Schlarman demands his money back, but Kelley refuses, and pays it to the officer, with several dollars more to make up the amount of the execution.

These are the facts found by the county court, where the issue was tried by the judges without a jury, and thereupon judgment passed for the defendant.

The court must have treated Schlarman's undertaking as a general one to save Kelley harmless; but we cannot see it in that way. By the plain words of the writing, the money was to be paid back if Fingold was present at the trial,—and Fingold was there. The promise to pay more than the $26.00 if Kelley should have to pay more, meant, if he had to pay more because Fingold was not there at the trial. It did not change the condition on which the money was held.

*Judgment reversed, and judgment for the plaintiff to recover $26.00 with interest from February 18th, 1900, the date of the demand, and his costs.*